IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHEVY THORNTON** | **CIVIL ACTION NO:** |
| **Plaintiff** | **IN ADMIRALTY** |
| v. | **JUDGE:** |
| **SEADRILL AMERICAS, INC.** | |
| **Defendant** | **MAGISTRATE :** |

------------------------------------------------------------------------

### ORIGINAL COMPLAINT FOR DAMAGES FOR FAILURE TO PAY MAINTENANCE AND CURE

NOW INTO COURT, through undersigned counsel, comes Plaintiff CHEVY THORNTON, who files this action for maintenance and cure and for damages resulting from Defendant's failure to pay maintenance and cure. In support thereof, Plaintiff respectfully shows this Honorable Court the following:

1.

This claim and lawsuit for maintenance and cure benefits, and for Defendant's failure to pay maintenance and cure, is being brought under the General Maritime Law of the United States. This lawsuit is specifically designated as one in Admiralty and General Maritime Law in accordance with Federal Rule of Civil Procedure 9(h). Therefore, this Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1333.

2.

Plaintiff, a Jones Act seaman and person of the full age of majority, is an individual domiciled and residing in the Parish of La Salle, State of Louisiana.

3.

Made Defendant herein is SEADRILL AMERICAS, INC. ("SEADRILL"), a Texas corporation with its principal place of business at 11025 Equity Drive, Ste 150, Houston, Texas 77041 and who may be served through its registered agent for service CT Corporation System at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

4.

Venue is proper with this Honorable Court pursuant to 28 U.S.C. § 1391, as SEADRILL resides and maintains its principal place of business within the district of this Court and is subject to the personal jurisdiction of this Court.

5.

At all material times, SEADRILL was the owner and operator of the vessel *Seven Louisiana* ("SEVAN") a drilling rig operating off the coast of Venice, Louisiana. At all times relevant, the vessel SEVAN was a vessel in navigation.

6.

At all times relevant, Plaintiff was employed by Defendant SEADRILL on the drilling rig SEVAN as a deckhand and roustabout, and member of the crew of the vessel. During these times, Plaintiff was subject to the supervision and control of Defendant SEADRILL. Plaintiff's duties contributed to the function of the vessel SEVAN and the accomplishment of its mission, and Plaintiff's connection to the vessel SEVAN was substantial in duration and nature.

7.

On or about March 1, 2017, the crew of the SEVAN was raising thousands of feet of drill string while aboard the vessel operating off the coast of Venice, Louisiana. Plaintiff's

duty was to pull slips as the drill string was raised. Plaintiff's supervisor refused to allow Plaintiff and the other SEADRILL crewmembers assigned to the task to utilize a power slip, a piece of available equipment that would have rendered the task safe. Instead of authorizing the use of available equipment, Plaintiff and the crew were ordered to manually pull slips and to work as fast as possible to speed the drilling process. The other crewmembers failed to meaningfully assist with the task, an act known to Plaintiff's supervisor(s).

8.

While performing the work aboard the vessel, Plaintiff suffered serious injuries to his back, neck, and spine when he lifted a slip without proper assistance from the other SEADRILL crewmembers and without the use of available equipment. At the time Plaintiff was injured, he had worked a 12-hour shift manually pulling slips with few breaks. At all times during the incident in question, Plaintiff was following the instructions of his supervisors employed by SEADRILL.

9.

Further, at the time Plaintiff injured his back, neck, and spine, he and other SEADRILL crewmembers were working at a rapid, unsafe pace, without the benefit of the available mechanical assistance. This rapid pace caused Plaintiff and the crewmembers working with him to exceed their work capacity and to work with diminished strength due to fatigue. Plaintiff was tired and lifted a heavier load because his fellow crewmembers were not pulling their share of the weight slips. Plaintiff complained to his supervisor that he was carrying more than his share of the assigned task but was told to return to work. Plaintiff was thereafter injured while continuing to pull slips aboard the vessel.

10.

By reason of the occurrences described above, including the conduct on the part of Defendant SEADRILL, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

11.

Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

12.

Plaintiff ultimately filed suit against Defendant SEADRILL for Jones Act negligence, maintenance and cure benefits, and unseaworthiness under General Maritime Law in the lawsuit styled *Chevy Thornton v. Seadrill Americas, Inc.*, U.S. District Court for the Eastern District of Louisiana, Case No. 2:18-cv-10608. Plaintiff's Jones Act suit was later absorbed into Defendant SEADRILL's bankruptcy proceeding, *In re SEADRILL LIMITED, ET AL.*, United States Bankruptcy Court, Southern District of Texas, Houston Division, Case No. 17-60079. Plaintiff's claim for maintenance and cure benefits was expressly excluded from the bankruptcy proceeding.

13.

Following Plaintiff's injuries, Defendant SEADRILL paid maintenance and cure benefits to Plaintiff until July 6, 2021, when Defendant arbitrarily, capriciously, and without cause terminated payments of maintenance and cure benefits to Plaintiff.

14.

As of the date of this filing, Plaintiff has not reached maximum medical improvement for his injuries, nor has Plaintiff been deemed by any medical professional or physician as having

reached maximum medical improvement. Plaintiff still requires non-palliative care for his injuries.

15.

Under the General Maritime Law, a seaman like Plaintiff is entitled to maintenance and cure from his employer for injuries incurred or aggravated in the service of the vessel. *The Osceola*, 189 U.S. 158, 175 (1903). Maintenance is a per diem living allowance for food and lodging comparable to what the seaman is entitled to while at sea; cure is payment of medical expenses incurred in treating the seaman's injury or illness. *Calmar S.S. Corp. Taylor*, 303 U.S. 525, 528 (1938). Maintenance and cure are due without regard to the negligence of the employer or the unseaworthiness of the ship. *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). The ship owner's duty to pay maintenance and cure is automatic and broad. *Vella v. Ford Motor Co.*, 421 U.S. 1, 4 (1975). The maintenance and cure duty must be liberally interpreted for the benefit and protection of the seaman. *Vaughan v. Atkinson*, 369 U.S. 527, 531-32 (1962).

16.

An employer's nondelegable duty to pay maintenance and cure benefits must continue until unequivocal evidence shows that the seaman has reached maximum medical improvement. *Weeks Marine, Inc. v. Watson*, 190 F. Supp. 3d 588 (E.D. La. 2016). Absent unequivocal evidence that the seaman has reached maximum medical improvement, an employer may be held liable for punitive damages and attorney's fees if it terminates maintenance and cure benefits. *Id.*

17.

On the above-mentioned date, Plaintiff was injured while in the service of a vessel. As a result, Defendant SEADRILL has and continues to have an absolute, non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff has not reached maximum medical

improvement for his injuries. Therefore, Defendant SEADRILL's non-delegable duty to provide maintenance and cure benefits to Plaintiff continues.

18.

Despite Defendant SEADRILL's continuing duty to pay maintenance and cure, Defendant SEADRILL has unreasonably denied and terminated payment of maintenance and cure to Plaintiff.

19.

As a result of Defendant SEADRILL's conduct and failure to pay benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.

20.

Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, as well as willful, wanton, callous, and persistent; and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees in addition to punitive damages against Defendant SEADRILL, for which he now sues.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CHEVY THORNTON is entitled to judgment against Defendant SEADRILL AMERICAS, INC. for the following damages:

1) Maintenance benefits until Plaintiff has reached maximum medical improvement;

2) Cure benefits until Plaintiff has reached maximum medical improvement, including all past, present, and future medical and pharmaceutical expenses;

3) Past, present, and future physical pain and suffering incurred as a result of Defendant SEADRILL's failure to meet its maintenance and cure obligation;

4) Past, present, and future emotional distress/mental anguish incurred as a result of Defendant SEADRILL's failure to meet its maintenance and cure obligations;

5) Past, present, and future loss of enjoyment of life incurred as a result of Defendant SEADRILL's failure to meet its maintenance and cure obligation;

6) Attorney's fees and costs;

7) Punitive damages allowed under the U.S. General Maritime Law for Defendant SEADRILL's arbitrary and capricious failure to meet its maintenance and cure obligation;

8) All other penalties that may be assessed against Defendant SEADRILL under the U.S. General Maritime Law for its failure to pay maintenance and cure;

9) Legal interest from the date of judicial demand; and

10) All other general and equitable relief.

RESPECTFULLY SUBMITTED,

*/s/ Jennifer A. David*
JENNIFER A. DAVID (#3229371)
C. BARRETT RICE (#815456)
Broussard Williamson, L.L.C.
321 Veterans Memorial Blvd
Metairie, LA 70005
(504) 584-8053 Telephone
(504) 264-5559 Facsimile
Email: barrett@bwtriallawyers.com
         jen@bwtriallawyers.com
*Attorneys for Plaintiff, Chevy Thornton*

**PLEASE SERVE:**

SEADRILL AMERICAS, INC.
Through its agent for service of process:
CT Corporation
1999 Bryan St., Ste 900
Dallas, Texas 75201-3136.